UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Richard Maximus Strahan</u>

     v.

<u>National Oceanic and Atmospheric
Administration, Administrator et al.</u>

Civil No. 18-cv-752-LM
Opinion No. 2020 DNH 069


**O R D E R**

Richard Maximus Strahan, proceeding pro se, brings this
suit against the National Oceanic and Atmospheric Administration
("NOAA") and the National Marine Fisheries Service ("NMFS").
Strahan alleges that NOAA and NMFS have failed to produce
records in response to seven requests purportedly brought under
the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.[1]
Defendants move to dismiss for lack of subject matter
jurisdiction or, in the alternative, for summary judgment.  More
than two weeks have passed since Strahan's deadline to respond
to defendants' motion and Strahan has yet to file a response.
For the following reasons, the court grants defendants' motion.

---

[1] On September 17, 2019, the court granted defendants'
motion to dismiss three additional counts.  On January 15, 2020,
Strahan voluntarily dismissed an additional count against
Michael Pentony, the Chief Administrator for NMFS's Greater
Atlantic Regional Fisheries Office.  <u>See</u> doc. no. 65.  The FOIA
claim at issue in this order is the sole remaining count in this
case.

## STANDARD OF REVIEW

Defendants move to dismiss this action on the ground that this court lacks subject matter jurisdiction because defendants have not unlawfully withheld records.  See Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980).  Ordinarily, a motion to dismiss for lack of subject matter jurisdiction is analyzed under Rule 12(b)(1).  However, a court must treat a motion challenging subject matter jurisdiction as a motion for summary judgment "where jurisdictional issues cannot be separated from the merits of the case." Gonzalez v. United States, 284 F.3d 281, 287 (1st Cir. 2002); see Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 & n. 3 (1st Cir. 2001).  "A jurisdictional issue is intertwined with the merits where the court's subject matter jurisdiction depends upon the statute that governs the substantive claims in the case." Gonzalez, 284 F.3d at 287.

To invoke subject matter jurisdiction under the FOIA, the plaintiff must allege that the agency "(1) 'improperly' (2) 'withheld' (3) 'agency records.'" Kissinger, 445 U.S. at 150; see 5 U.S.C. § 552(a)(4)(B).  If the elements of jurisdiction are properly alleged, the burden shifts to the agency to show that the records sought by the plaintiff either are not agency records or were properly withheld.  See U.S. Dep't of Justice v.

Tax Analysts*,* 492 U.S. 136, 142 n.3 (1989).  Here, because FOIA
serves as the source of both this court's subject matter
jurisdiction and plaintiff's cause of action, the jurisdictional
inquiry is intertwined with the merits of plaintiff's claim.
See Sensor Sys. Support, Inc. v. F.A.A., 851 F. Supp. 2d 321,
326 (D.N.H. 2012); Wilkinson v. Chao*,* 292 F. Supp. 2d 288, 291
(D.N.H. 2003); see also United States ex rel. Fine v. MK-
Ferguson Co.*,* 99 F.3d 1538, 1543 (10th Cir. 1996).  Accordingly,
the court will treat defendants' motion as one for summary
judgment and analyze it under Rule 56.

A movant is entitled to summary judgment if it "shows that
there is no genuine dispute as to any material fact and [that
it] is entitled to judgment as a matter of law."  Fed. R. Civ.
P. 56(a).  In reviewing the record, the court construes all
facts and reasonable inferences in the light most favorable to
the nonmovant.  Kelley v. Corr. Med. Servs., Inc., 707 F.3d 108,
115 (1st Cir. 2013).  To obtain summary judgment, "the moving
party must affirmatively demonstrate that there is no evidence
in the record to support a judgment for the nonmoving party."
Celotex Corp. v. Catrett, 477 U.S. 317, 332 (1986).  Once the
moving party makes the required showing, "the burden shifts to
the nonmoving party, who must, with respect to each issue on
which [it] would bear the burden of proof at trial, demonstrate
that a trier of fact could reasonably resolve that issue in

[its] favor." Flovac, Inc. v. Airvac, Inc., 817 F.3d 849, 853 (1st Cir. 2016) (citation omitted).  "This demonstration must be accomplished by reference to materials of evidentiary quality," and that evidence must be "significantly probative," and "more than merely colorable." Id. (citations omitted).  A nonmoving party's failure to make the requisite showing "entitles the moving party to summary judgment." Id.

## BACKGROUND

Strahan alleges in his second amended complaint that he requested documents from defendants pursuant to FOIA seven times in 2018.  His complaint alleges defendants "refused to comply in any meaning[ful] manner" and that he has not received any documents in response to his FOIA requests.  Doc. no. 36 at ¶¶ 66, 67.  Strahan further contends that employees from NOAA and NMFS told him that they were "refusing to comply with his . . . FOIA requests in retaliation for his commencing lawsuits" against them.  Id. at ¶ 67.

As required by the local rules, defendants' motion for summary judgment includes a "short and concise statement of material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried."  See L.R. 56.1(a).  The local rules require that a party opposing summary judgment give the court a short and concise

statement of facts, supported by record citations, "as to which the adverse party contends a genuine dispute exists."  See L.R. 56.1(b).  Strahan has not filed a motion or memorandum in opposition to defendants' motion for summary judgment; therefore, he has failed to demonstrate that a genuine dispute exists as to any of the material facts in this case. Accordingly, the court admits the following facts, which are drawn from defendants' memorandum in support of summary judgment and supported by appropriate record citations.  See id. ("All properly supported material facts set forth in the moving party's factual statement may be deemed admitted unless properly opposed by the adverse party.").

On July 3, 2018, Strahan asked NOAA to provide him with an excel spreadsheet containing the contact information for a list of people he believed to be on the Atlantic Large Whale Take Reduction Team.  Six working days later, NOAA informed Strahan that it did not create or maintain the list or information he sought.  NOAA then provided him a weblink to a publicly accessible contact list maintained by the Atlantic Large Whale Take Reduction Team.  The Department of Commerce Office of General Counsel ("OGC") denied Strahan's subsequent appeal.  It concluded Strahan's request had been fully satisfied when NOAA directed him to the weblink and held that FOIA did not require

NOAA to create a new document in the excel format requested by Strahan.

On July 10, 2018, Strahan made a FOIA request to NOAA for e-mails between NOAA employees and two persons outside the agency.  After an extension and an appeal, NOAA released 116 documents: 112 in full and four redacted to protect the privacy of third parties.

On July 19, 2018, Strahan requested additional records from NOAA related to whale sightings.  NOAA invoked a regulatory extension and Strahan appealed.  In September 2018, NOAA released 2,191 pages in full.  In October 2018, the OGC denied Strahan's appeal as moot because NOAA had fully processed his request.

On August 31, 2018, Strahan e-mailed NOAA stating that he was gathering information to be used as evidence in his lawsuit against NOAA.  His email did not request specific information; rather, it demanded that someone from NOAA call him to answer questions about a dead Northern Right Whale.  Because FOIA requires agencies to disclose records but does not prescribe agency action in response to a request for a telephone call, NOAA did not interpret Strahan's email as a FOIA request.  NOAA directed Strahan to contact defendants' counsel.

On September 6, 2018, Strahan requested information from NOAA about whale entanglement and asked NOAA to waive any fees

related to his request.  NOAA asked Strahan to provide
information in support of his fee waiver.  After Strahan did not
respond, NOAA denied his request for the fee waiver.  NOAA
provided a fee estimate and notified Strahan that the fee needed
to be submitted before NOAA could release any documents.  The
OGC denied Strahan's subsequent appeal as premature.  Then,
because the FOIA implementing regulations allow a requester two
hours of search time without paying the estimated fee, see 15
C.F.R. § 4.11(d), NOAA spent two hours searching for documents
without requiring Strahan to pay a fee.  It released the 23
documents found during that two hours of search time to Strahan.

On September 30, 2018, Strahan sought records from NOAA
about the production and distribution of a technical memorandum
and asked NOAA to waive fees.  As before, NOAA requested
information to support a fee waiver, Strahan failed to respond,
and NOAA stopped processing Strahan's request.  OGC declined
Strahan's appeal as premature and informed Strahan that NOAA's
deadline to respond was stayed pending receipt of Strahan's fee
waiver information.  NOAA ultimately determined that it would
take less than two hours to search for the records Strahan
requested and so provided Strahan with the requested records
without requiring him to pay a fee.

On December 7, 2018, Strahan emailed NOAA asking for
additional records.  Although Strahan's request specified that

he was not making the request pursuant to FOIA, NOAA processed his request as a FOIA request and provided Strahan with 19 responsive records.

In August 2018 Strahan filed suit against defendants.  In June 2019, he amended his complaint to include a FOIA count, alleging defendants violated FOIA by "refusing to comply" with Strahan's seven FOIA requests in 2018.  Doc. no. 36 at ¶ 67. Defendants move for summary judgment, arguing that the undisputed facts prove defendants fully complied with FOIA.


## DISCUSSION

FOIA serves to expose the operations of federal agencies "to the light of public scrutiny."  Dep't of the Air Force v. Rose, 425 U.S. 352, 361 (1976) (internal quotation marks omitted).  The statute embodies a broad policy in favor of disclosure, reflecting the notion that "promot[ing] an informed citizenry ... is vital to democracy."  Carpenter v. U.S. Dep't of Justice, 470 F.3d 434, 437 (1st Cir. 2006).

Strahan contends defendants violated FOIA by refusing to respond to his requests for information.  Defendants argue that they responded to each of Strahan's requests in a manner that fulfilled their FOIA obligations.  The court will review the undisputed facts and record citations and first determine

whether defendants responded to Strahan's requests and, if so, whether those responses complied with FOIA.

In conducting the latter inquiry, the court must consider whether Strahan exhausted his administrative remedies, "a mandatory prerequisite to a lawsuit under FOIA." Wilbur v. C.I.A., 355 F.3d 675, 676 (D.C. Cir. 2004). The FOIA statutory scheme sets forth an administrative appeal process. See 5 U.S.C. § 552(a)(6)(A)(i), (ii); Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 61 (D.C. Cir. 1990). "[A] requester under FOIA must file an administrative appeal within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response." Wilbur, 355 F.3d at 676; see also Oglesby, 920 F.2d at 61–62 (collecting cases).

The first inquiry is straightforward. On this record, the court concludes that defendants responded appropriately and meaningfully to each of Strahan's requests for information. In brief, defendants fully responded to Strahan's July 10, July 19, September 30, and December 7 FOIA requests by releasing thousands of pages of records. Defendants responded to Strahan's September 6 request by releasing those records Strahan was entitled to absent payment of the search fee authorized by regulation. See 15 C.F.R. § 4.11(d). Defendants responded to Strahan's July 3 request by giving him the information he

9

desired, albeit in a different electronic form than Strahan
requested (weblink as opposed to an excel spreadsheet).

This leaves Strahan's August 31 e-mail request, which
specified it was "NOT a FOIA request" and demanded that a NOAA
employee call him.  Doc. no. 71-17 at 1.  Defendants responded
within the week explaining that, because Strahan had filed a
lawsuit against the defendant and was requesting information
related to that lawsuit, he should direct his communication to a
Department of Justice attorney.  Id. at 2.  There is no evidence
that Strahan contacted the attorney, renewed his request to
NOAA, or communicated that he was making his request pursuant to
FOIA.  The undisputed facts do not support Strahan's contention
that defendants refused to meaningfully comply with Strahan's
requests for information.

The second inquiry, whether those responses complied with
FOIA, requires a threshold showing that Strahan properly
exhausted his administrative remedies.  Wilbur, 355 F.3d at 676.
Strahan cannot satisfy that requirement with respect to six of
his seven FOIA requests.  Strahan did not appeal defendants'
responses to the July 10, July 19, August 31, September 6,
September 30, and December 7, 2018 requests for information.
The court is, therefore, precluded from judicially reviewing
defendants' responses to these requests.  See, e.g., Oglesby,
920 F.2d at 69.  However, because Strahan appealed his July 3

request to the OGC, he properly exhausted his administrative
remedies with regard to that request.  Thus, the court may
review whether defendants' response to that request complies
with their FOIA obligations as a matter of law.

Strahan's July 3, 2018 FOIA request sought contact
information for a "list of Public figures who are apparently on
the [Atlantic Large Whale Take Reduction Team] contact list."
Doc. no. 71-3 at 1.  Strahan's request specified that if
defendants had a more current list with contact information for
the Atlantic Large Whale Take Reduction Team members, it would
be "acceptable" for defendants to send that contact information
by excel spread sheet.  Id.  Defendants notified Strahan that
they did not create or maintain a list with the contact
information he sought and provided Strahan with a weblink to a
publicly accessible contact list created by the Atlantic Large
Whale Take Reduction Team.  Doc. no. 71-4 at 1.  Strahan
appealed to OGC, asserting defendants had categorically refused
to provide him with any information.  Doc. no. 71-5 at 1.   The
OGC denied the appeal because "FOIA does not require the
creation of new documents in formats other than the format
natively maintained."  Doc. no. 71-6 at 2.

FOIA does not obligate agencies to create documents in
response to FOIA requests; it only obligates them to provide
access to documents which it has created and retained.  See,

11

e.g., Reporters Comm., 445 U.S. at 152.  In addition, an agency
may fulfill its FOIA obligation by directing a plaintiff to
publicly available records which are responsive to plaintiff's
request.   See Shurtleff v. United States Envtl. Prot. Agency,
991 F. Supp. 2d 1, 19 (D.D.C. 2013).   Applying these principles
to Strahan's July 3, 2018 request, the court concludes
defendants were under no obligation to create an excel
spreadsheet containing the information Strahan sought.
Defendants fulfilled any obligation they may have had under FOIA
by directing Strahan to a publicly available website that
contained the exact information Strahan requested.

## CONCLUSION

       For the foregoing reasons, the court grants defendants'
motion for summary judgment (doc. no. 71).  The clerk of court
shall enter judgment accordingly and close the case.

       SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 28, 2020

cc:  Richard Maximus Strahan, pro se
     Frederick H. Turner, Esq.
     Michael T. McCormack, Esq.